UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BUFFY KENNEDY, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0043** |
| **CROFT, LLC, et al.** | **SECTION: "G"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiffs Buffy Kennedy and Bruce Kennedy's (collectively, "Plaintiffs") Motion to Remand to State Court,[1] wherein Plaintiffs also seek an award of attorney's fees, costs, and expenses due to the alleged improper removal. After considering the Petition for Damages, the pending motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will grant in part and deny in part the pending motion, remanding this action to state court, but denying Plaintiffs' request for certain fees and costs.

### I. Background

*A. Factual Background*

In the Petition for Damages, Plaintiffs name four parties as defendants: (1) Croft, LLC ("Croft"); (2) Quality Construction of Lafourche, LLC ("Quality"); (3) Dufrene Building Materials, Inc. ("Dufrene"); and (4) North Light Specialty Insurance Company ("North Light").[2] Plaintiffs aver that at all relevant times, they "were the owners of and contracted with Quality Construction of Lafourche, LLC to build their family residence," and entered into a Contract of Construction with Quality on or about November 15, 2008.[3]

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 1-2 at ¶ 1.

[3] *Id.* at ¶ 2.

Croft was the manufacturer of the windows that were incorporated into the home built by Quality; Plaintiffs claim that these windows were "defective or otherwise insufficient for the purposes intended and which product failed in its normal and anticipated use."[4] Plaintiffs explain that Dufrene was the alleged supplier and seller of the Croft manufactured windows "and as such is liable to the purchaser pursuant to Louisiana Civil Code Articles 2520, *et seq.*, and particularly Louisiana Civil Code Article 2545."[5] Plaintiffs specifically claim that Quality is subject to liability under "Louisiana Revised Statute § 9:3141, *et seq.*, namely the New Home Warranty Act," for using the allegedly defective windows, and therefore breaching its contract with Plaintiffs.[6]

As a result of these alleged defects, Plaintiffs claim that their home "leaked and retained water condensation in the walls leading to water rot and the development of mold and bacteria, which causes respiratory difficulties and other medical problems for the plaintiffs as well as property damage."[7] Finally, Plaintiffs argue that North Light, as their homeowner's insurance carrier, is liable under Louisiana Revised Statutes §§ 22:1892 and 22:1973 for failing to properly adjust their claim and improperly withholding payments in connection with the damages caused at least in part by these alleged construction defects.[8]

---

[4] *Id.* at ¶ 3.

[5] *Id.* at ¶ 4.

[6] *Id.* at ¶¶ 5, 7.

[7] *Id.* at ¶ 10.

[8] *Id.* at ¶ 12.

*B. Procedural Background*

Plaintiffs filed a Petition for Damages in this matter in the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana, on November 30, 2012.[9] On January 8, 2013, North Light filed a Notice of Removal, pursuant to 28 U.S.C. § 1441[10] North Light premises removal on the basis of diversity, alleging that the two non-diverse defendants, Quality and Dufrene, were improperly joined, and therefore do not defeat diversity jurisdiction.[11] Further, North Light argues that "the claims from the 2008 construction of the home of Plaintiffs against [Croft, Dufrene, and Quality] do not defeat diversity. The claims have nothing to do with Plaintiffs' August 29, 2012 windstorm claim against North Light.[12]

On February 4, 2013, Plaintiffs filed the pending motion to remand.[13] On February 14, 2013, North Light filed an opposition.[14] With leave of court, Plaintiffs filed a reply on February 25, 2013.[15]

## II. Parties' Arguments

In support of the pending motion, Plaintiffs argue that this court does not have subject matter jurisdiction because Quality and Dufrene are citizens of Louisiana, as are Plaintiffs, and therefore

---

[9] *Id.*

[10] Rec. Doc. 1 at p. 2.

[11] *Id.* at p. 3 (citing *Burden v. Gen Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995)). In the Notice of Removal, North Light failed to properly allege the citizenship of all parties and this Court ordered it to amend the Notice of Removal. Rec. Doc. 23. North Light complied with this order on May 10, 2013. Rec. Doc. 24.

[12] *Id.* at p. 4.

[13] Rec. Doc. 13.

[14] Rec. Doc. 15.

[15] Rec. Doc. 21.

3

complete diversity does not exist.[16] In addition, Plaintiffs argue that removal was defective because North Light did not obtain the consent of Quality or Dufrene prior to filing the Notice of Removal, in violation of 28 U.S.C. § 1446(a).[17]

Further, Plaintiffs contend that North Light cannot meet its burden of proof to establish that Quality and Dufrene were fraudulently or improperly joined, as to sustain federal subject matter jurisdiction.[18] Plaintiffs acknowledge that they seek damages from Quality and Dufrene that "relate to the 2008 construction of their home," and seek damages against North Light in regard to "the August 29, 2012 hurricane claim," but argue that "[t]he damages related to the leaking windows were not discovered until 2012 and the claim for damages is properly brought with the claim against North Light."[19] Plaintiffs maintain that:

> In the instant case, joinder of the claims against the non-diverse defendants does not amount to egregious misjoinder, and there is more than a palpable connection between the claims and parties joined. The claim for damages asserted by the plaintiffs in this suit is for the overall damage to their residence caused in part by defective leaking windows and through faulty workmanship upon installation. While the cause of the damage may stem from different sources, the overall damage itself is a quantifiable singular sum which may be apportioned among the defendants according to their individual responsibility for those damages. Further, while some defendants may be liable in contract and others in tort, the question of how the plaintiffs' damages are to be apportioned among the defendants is a factual question which will be resolved by the trier of fact after presentation of evidence as to the causation of each item of damage claimed by plaintiffs. Thus, there are overlapping common factual and legal issues.[20]

---

[16] Rec. Doc. 13-1 at p. 3. According to North Light's supplement to the Notice of Removal, Quality is a limited liability company, whose sole member is a citizen of Louisiana, and Dufrene is a Louisiana corporation with its principal place of business in Louisiana. Rec. Doc. 24.

[17] Rec. Doc. 13-1 at p. 4.

[18] *Id.* at p. 5.

[19] *Id.* at p. 6.

[20] *Id.* at p. 9.

Plaintiffs further argue that under state and federal law, the joinder of these claims is permissible.[21] Finally, Plaintiffs request costs, expenses, and attorney fees associated with the alleged improper removal, pursuant to 28 U.S.C. § 1447(c).[22]

In opposition to the pending motion, North Light argues that under Fifth Circuit precedent, the requirement of unanimity of consent for removal by a co-defendant is not applicable where the removing party contends the co-defendant is improperly joined.[23] Further, North Light reiterates its argument that the cause of action against it and the other defendants is not proper here because courts have recognized that claims for insurance policy and payments and claims on construction contracts are separate.[24]

In reply, Plaintiffs direct the Court to two decisions from district courts within this Circuit, where the courts allegedly held that claims against the homeowner insurance company, like North Light, and the construction companies, were properly brought in the same suit.[25] Plaintiffs therefore conclude that "[a]lthough Plaintiffs' damages may have been ongoing from the time of the defective repair, they did not become evident until Hurricane Isaac. The claims against the contractor defendants and North Light are so intertwined that they both contributed to the sum total of the plaintiffs' injuries."[26]

---

[21] *Id.* at pp. 10-11.

[22] *Id.* at pp. 12-13.

[23] Rec. Doc. 15 at p. 3 (citing *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007)).

[24] *Id.* at pp. 4-5.

[25] *See* Rec. Doc. 21 at pp. 2-4 (citing *Zeber v. E.L. Cretin, L.L.C.*, No. 10-89, 2010 WL 5856063 (W.D. La. Nov. 30, 2010); *Hospitality Enters., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 11-234, 2011 WL 1303954 (E.D. La. Mar. 31, 2011) (Fallon, J.)).

[26] *Id.* at p. 4.

### III. Law and Analysis

*A. Consent to Removal*

As an initial matter, Plaintiffs seek remand claiming that North Light's Notice of Removal was defective because it did not receive the consent of Quality or Dufrene, who had been served at the time of removal.[27] Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), **all defendants who have been properly joined and served must join in or consent to the removal of the action**."[28] However, as North Light notes, the Fifth Circuit has expressly held that "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."[29] As North Light claims that Quality and Dufrene were improperly joined, and they were the only properly served defendants at the time of removal, North Light's failure to receive their consent does not create a defect in removal.

*B. Improper or Fraudulent Joinder*

Even though North Light's Notice of Removal was not defective for failure to receive the consent of Quality and Dufrene, unless these parties were improperly joined, this Court does not have subject matter jurisdiction. The Fifth Circuit has acknowledged two ways to establish fraudulent or improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[30] North Light has not argued actual fraud, so the second option is the only theory before the Court.

---

[27] *See* Rec. Doc. 13-1 at p. 4

[28] 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

[29] *Rico*, 481 F.3d at 239 (citing *Jerrigan v. Ashland Oil Inc.*, 989 F.3d 812, 815 (5th Cir. 1993)).

[30] *Smallwood* v. *Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

For a defendant to prevail on this theory, it must prove "that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant[. S]tated differently [this] means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant."[31]

A district court may resolve this inquiry in two manners. First, the court may conduct a Rule 12(b)(6) inquiry by looking at the allegations in the pleading.[32] Second, in rare cases where a plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder," the district court "may, *in its discretion*, pierce the pleadings and conduct a summary inquiry."[33] The Fifth Circuit has been clear that such a "summary inquiry," while within the discretion of the district court, is not favored:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.[34]

---

[31] *Id.*

[32] *Id.*

[33] *Id.* (emphasis added).

[34] *Id.* at 573-74

**1. Fraudulent Misjoinder**

Here, North Light does not dispute that Plaintiffs have stated a claim upon which relief can be granted against it. Rather, North Light argues that its claims have been wrongly coupled with those against the other defendants, mainly Quality and Dufrene – non-diverse defendants that would destroy diversity. Therefore, North Light argues that Plaintiffs have "fraudulently misjoined" the claims against it with the other defendants.

The theory of "fraudulent misjoinder" was first adopted by the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*[35] In *Tapscott*, the Eleventh Circuit noted that under Federal Rule of Civil Procedure 20, joinder of defendants is proper when "(1) a claim for relief assert[s] joint, several, or alternative liability and aris[es] from the same transaction, occurrence, or series of transactions or occurrences, and (2) [contains] a common question of law or fact."[36] The Eleventh Circuit then concluded that:

> Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921) .... We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder. ***We do not hold that mere misjoinder is fraudulent joinder***, but we do agree with the district court that Appellants' attempt to join these parties ***is so egregious as to constitute fraudulent joinder***.[37]

The Fifth Circuit has yet to adopt the theory of "fraudulent misjoinder," but has mentioned the theory in several cases, and "many district courts within the Fifth Circuit have applied the theory

---

[35] 77 F.3d 1353, 1360 (11th Cir. 1996).

[36] *Id.*

[37] *Id.* (emphasis added).

8

of fraudulent misjoinder reasoning that the Fifth Circuit has indicated its willingness to adopt the theory."[38] In *Zeber v. E.L. Cretin, L.L.C.*, the Middle District of Louisiana addressed this theory. There, the plaintiffs had originally filed suit is state court against several construction companies and installers, some of whom were non-diverse, for allegedly using Chinese drywall in the construction of plaintiffs' home.[39] In addition, the plaintiffs brought claims against their own homeowner's insurer, Safeco, a party diverse to the plaintiffs.[40] Safeco removed, claiming that its claims were "egregiously misjoined" with the other defendants because "no overlapping or common questions of fact or related issues of law between plaintiffs' contract-based claims against their homeowner's insurer and their tort-based claims against the builder/supplier defendants [existed]."[41]

The *Zeber* court recognized that under the *Tapscott* analysis even if a court finds joinder was improper, it should still remand unless "the misjoinder was so egregious as to warrant a finding of fraudulent misjoinder."[42] Moreover, the *Zeber* court acknowledged that district courts within this Circuit have split on whether the federal or state rules of joinder should apply.[43] The court rejected Safeco's arguments and remanded the action to state court, reasoning:

> Plaintiffs' claims against the builder/supplier defendants arise out of the same factual circumstances as their claims against Safeco and their claim for damages is against all defendants for the repair to their home as a result of the alleged use of Chinese Drywall in the construction of their home. Although plaintiffs' claims against the builder/supplier defendants arise in tort and their claims against Safeco arise in

---

[38] *Zeber*, 2010 WL 5856063, at *2 (citing cases).

[39] *Id.* at *1.

[40] *Id.*

[41] *Id.*

[42] *Id.* at *3.

[43] *Id.* (citing cases for both propositions).

9

contract, and the defendants will have different and unique defenses to plaintiffs' claims, the claims present numerous common factual and legal issues that must be resolved. For example, as explained by plaintiffs, common issues that must be resolve[d] in order to determine who, if anyone, is liable to plaintiffs for their damages include: (1) does the home have Chinese Drywall; (2) what types of damages were sustained; (3) were the damages sustained caused by the use of Chinese Drywall; (4) are the damages sustained types that implicate coverage. Although the court is not aware of the exact provisions of the homeowner's insurance policy issued by Safeco to plaintiffs, it is reasonable to assume that the "cause" of plaintiffs' damages will directly impact the coverage provided by the policy. If this matter were to proceed in two separate forums, there would be a risk of inconsistent findings on various factual and legal issues, including causation. Thus, even if plaintiffs' claims were improperly joined, the misjoinder is not so egregious as to warrant a finding of fraudulent misjoinder.[44]

Here, the Court finds that the allegations and parties in this suit present an analogous situation to that presented in *Zeber*. While *Zeber* is not binding authority, this Court finds its analysis persuasive and consistent with binding Fifth Circuit precedent which instructs district courts to strictly construe removal statutes and resolve any doubts as to the propriety of removal in favor of remand.[45] In this matter, Plaintiffs have alleged that the three other defendants, Croft, Quality, and Dufrene, are liable for faulty construction of their home. As a result of this, Plaintiffs claim their home sustained damages in 2012, which North Light, as their homeowner's insurer, is liable to them for policy proceeds. Therefore, accepting all allegations in the complaint as true, Plaintiff has alleged causes of action against all defendants, including North Light, that may impose alternative liability among the parties and presents a "question of law or fact common to all defendants [that] will arise in th[is] action," thereby satisfying Federal Rule of Civil Procedure 20.[46]

---

[44] *Id.*

[45] *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

[46] *See* Fed. R. Civ. P. 20(a)(2)(A)-(B)/

Likewise, if Louisiana's law on joinder applies, all parties would also be properly included in this matter. Louisiana Code of Civil Procedure article 463 states:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

For the reasons stated above, the Court finds that Plaintiffs' allegations satisfy this standard as well. As North Light has not met its burden to establish fraudulent joinder, and because complete diversity does not exist, the Court must remand this action to state court.[47]

### 2. Costs and Expenses

In addition to remand, the pending motion requests "costs, expenses and attorney fees incurred in opposing North Light's improper attempt to remove this case."[48] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[49] The Fifth Circuit has explicitly stated that even when a court determines that removal was improper, "[t]here is no automatic entitlement to an award of attorney's fees."[50] Instead, the Fifth Circuit has noted that the language of Section 1447(c), which allows for

---

[47] Further, the Court notes that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except under certain circumstances which are not applicable here. 28 U.S.C. § 1447(d). This provision does not apply when cases are removed from state court pursuant to 28 U.S.C. § 1442, federal officer removal, or 28 U.S.C. § 1443, which allows the removal of certain civil rights cases. *See id.* Neither of those provisions is applicable here, as North Light has only sought removal pursuant to 28 U.S.C. § 1441 on the basis of alleged diversity. *See* Rec. Doc. 1 at p. 2.

[48] Rec. Doc. 13-1 at p. 12.

[49] 28 U.S.C. § 1447(c).

[50] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

such costs when a case is remanded, "makes such an award discretionary."[51] The Fifth Circuit has further explained that:

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.[52]

The Fifth Circuit has found uncertainty in relevant legal areas as sufficient grounds to create an "objectively reasonable" belief that removal was proper.[53]

Here, the Court finds that while removal was improper, North Light had an objectively reasonable ground to believe that it was proper, and therefore such fees and costs should not be imposed. As the *Zeber* court acknowledged, the law of fraudulent misjoinder is "unsettled" within the Fifth Circuit, and only district courts, which do not bind this Court, have directly applied this theory.[54] Therefore, North Light's contention that its claims arising out of its insurance contract with Plaintiffs were misjoined with Plaintiffs' claims against the other defendants arising from alleged faulty construction was not unreasonable.

## IV. Conclusion

For the reasons outlined above, North Light has not carried its burden to establish that this court has subject matter jurisdiction, or that Quality and Dufrene have been improperly joined.

---

[51] *Id.*

[52] *Id.* at 293.

[53] *Id.* at 293-94.

[54] *See* 2010 WL 5856063, at *2-*3.

Nonetheless, this Court finds that the imposition of attorney fees and costs related with this removal should not be assessed to North Light. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to State Court[55] is **GRANTED IN PART** and **DENIED IN PART** and this action is **REMANDED** for further proceedings in the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana;

**IT IS FURTHER ORDERED** that Plaintiffs request for fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  3rd  day of July, 2013.

                                               **NANNETTE JOLIVETTE BROWN**
                                               **UNITED STATES DISTRICT JUDGE**

---

[55] Rec. Doc. 13.